UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAYSON G. MIRANDA,

            Plaintiff,

    v.

FCA US, LLC; SACRAMENTO CHRYSLER
DODGE JEEP RAM; and DOES 1
through 10, inclusive,

            Defendants.

No. 2:20-cv-00803 WBS EFB

MEMORANDUM AND ORDER RE:
MOTION TO REMAND

----oo0oo----

        Plaintiff Jayson G. Miranda filed this action against

defendants FCA US, LLC, Sacramento Chrysler Dodge Jeep Ram

("SCDJR"), and Does 1 through 10, alleging various warranty and

negligence claims arising from the sale of a defective Dodge

vehicle.  Before the court is plaintiff's motion to remand.

(Docket No. 10.)

I.   Relevant Factual and Procedural Background

        Plaintiff purchased a 2015 Dodge Ram 2500 (the

"vehicle").  (Compl. ¶ 8 (Docket No. 1).)  In connection with the

1

purchase of the vehicle, plaintiff received an express written warranty which provided, in relevant part, that in the event the vehicle developed a defect during the warranty period, plaintiff could deliver the vehicle for repair services to defendant FCA US's "representative," defendant SCDJR, and the vehicle would be repaired.  (Id. ¶ 9.)  During the warranty period, plaintiff's vehicle developed defects various defects.  (Id. ¶ 10.)  As a result, the use, value, or safety of the vehicle was substantially impaired.  (Id.)  Defendants were unable to repair the vehicle to conform to the applicable express warranties after a reasonable number of opportunities.  (Id. ¶ 11.)

Plaintiff filed suit in state court alleging seven causes of action.  Against defendant FCA only, the complaint alleged (1) violation of Civil Code Section 1793.2(d); (2) violation of Civil Code Section 1793.2(b); violation of Civil Code Section 1793.2(a)(3); (4) breach of express written warranty, Civ. Code § 1791.2(a); (5) breach of implied warranty of merchantability, Civ. Code §§ 1791.1, 1794, & 1795.5; (6) and fraud by omission.  (See generally Compl.)  Against defendant SCDJR only, the complaint alleged a claim for negligent repair (Count Seven).  (Id.)

Defendants subsequently removed the action to federal court under diversity jurisdiction.  (Notice of Removal (Docket No. 1).)  Defendants allege that, although SCDJR is a citizen of California, such that its involvement in this action would destroy complete diversity, plaintiff's joinder of SCDJR was fraudulent and therefore does not defeat diversity.  (Id. at 8-9.)  Plaintiff now moves to remand alleging in turn that the

2

1    court does not have original jurisdiction over this action.

2    (Mot. to Remand at 1.)

3    II.  Discussion

4        A.  Motion to Remand

5            A defendant may remove "any civil action brought in a

6    State court of which the district courts . . . have original

7    jurisdiction."  28 U.S.C. § 1441.  Original jurisdiction in the

8    form of diversity jurisdiction exists where there is complete

9    diversity and the amount-in-controversy exceeds $75,000.  28

10   U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68

11   (1996).  "In determining whether there is complete diversity,

12   district courts may disregard the citizenship of a non-diverse

13   defendant who has been fraudulently joined."  Grancare, LLC v.

14   Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018).

15   "There are two ways to establish fraudulent joinder: '(1) actual

16   fraud in the pleading of jurisdictional facts, or (2) inability

17   of the plaintiff to establish a cause of action against the non-

18   diverse party in state court.'"  Id. (quoting Hunter v. Philip

19   Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)).

20           Here, defendants allege that SCDJR was fraudulently

21   joined because plaintiff cannot establish a cause of action

22   against SCDJR.  (Opp'n at 18 (Docket No. 11).)  To establish

23   fraudulent joinder, defendants must therefore show that SCDJR

24   "cannot be liable on any theory."  Id. (quoting Ritchey v. Upjohn

25   Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)).  The failure to

26   state a cause of action must be "obvious according to the settled

27   rules of the state."  Morris v. Princess Cruises, Inc., 236 F.3d

28   1061, 1067 (9th Cir. 2001).  "[I]f there is a possibility that a

1   state court would find that the complaint states a cause of

2   action against any of the resident defendants, the federal court

3   must find that the joinder was proper and remand the case to the

4   state court." Grancare, 889 F.3d at 549 (quoting Hunter, 582

5   F.3d at 1046); see also Madison v. Ford Motor Co., No. 2:19-CV-

6   00853 WBS DB, 2019 WL 3562386, at *2 (E.D. Cal. Aug. 6, 2019).

7   Defendants bear "a 'heavy burden' since there is a 'general

8   presumption against [finding] fraudulent joinder.'" Id. (quoting

9   Hunter, 582 F.3d at 1046).

10          Here, plaintiff pleads only a state law claim for

11   negligent repair against defendant SCDJR.  Defendants contend

12   that plaintiff cannot plead such a claim because the economic

13   loss rule bars recovery.  (Opp'n at 19-21.)  But "California law

14   is not so settled that a plaintiff could not possibly recover

15   against a dealership for negligent repair of a vehicle." Lytle

16   v. Ford Motor Co., No. 2:18-CV-1628 WBS EFB, 2018 WL 4793800, at

17   *2 (E.D. Cal. Oct. 2, 2018) (citing Forward-Rossi v. Jaguar Land

18   Rover N. Am., LLC, No. 216CV00949CASKSX, 2016 WL 3396925, at *4

19   (C.D. Cal. June 13, 2016)).  Indeed, as this court recently

20   noted, "every district court to consider this issue has found

21   that such a claim is at least possible, regardless of the

22   economic loss rule." Ram v. FCA US LLC, No. 2:20-CV-00319 WBS

23   CKD, 2020 WL 3178388, at *2 (E.D. Cal. June 15, 2020) (citing

24   Sabicer v. Ford Motor Co., 362 F. Supp. 3d 837, 841 (C.D. Cal.

25   2019); Viramontes v. FCA US LLC, No. 20-cv-2046-MWF (JCX), 2020

26   WL 2318203, at *4 (C.D. Cal. May 11, 2020); Simmons v. Ford Motor

27   Co., No. 19-CV-04802-EJD, 2020 WL 1151197, at *2 (N.D. Cal. Mar.

28   10, 2020); Krasner v. Ford Motor Co., No. 18-cv-01602 TLN KJN,

1  2019 WL 1428116, at *4 (E.D. Cal. Mar. 29, 2019); Madison, 2019

2  WL 3562386, at *2).  Because it is possible that SCDJR could be

3  liable for negligent repair, SCDJR was properly joined.  See

4  Grancare, 889 F.3d at 548.

5       Defendants rely on In re Ford Motor Co. DPS6 Powershift

6  Transmission Products Liability Litigation, No. 18-ML-02814 AB

7  (FFMX), 2018 WL 5905942 (C.D. Cal. Sept. 10, 2018), where the

8  court found that joinder was fraudulent.  This court declines to

9  follow the In re Ford reasoning.  First, the In re Ford

10 plaintiffs' negligent repair claims against the dealers included

11 allegations that the defects were "irreparable."  Id. at *6.  As

12 a result, the court reasoned that "[i]f Plaintiffs' vehicles were

13 plagued by defects that were irreparable, that would break any

14 causal connection between the Dealers and the Plaintiffs' alleged

15 arm."  Id.  Given those allegations, the court found that

16 plaintiffs could not state a claim against the dealers.  Id.  By

17 contrast, no such allegations are present here.

18      Second, the In re Ford court relied on the

19 insufficiency of the allegations in the complaint to determine

20 that a claim against the dealers was not possible.  Id. at *6.

21 The sufficiency of the governing complaint, however, does not

22 determine whether a defendant was fraudulently joined.  See

23 Robles v. FCA US LLC, No. 2:20-CV-02546-SVW-SK, 2020 WL 2318205,

24 at *2 (C.D. Cal. May 8, 2020) (declining to follow In re Ford

25 because the "appropriate fraudulent joinder analysis" requires

26 the court to consider whether leave to amend can cure the

27 deficiency); Carrillo v. FCA US LLC, No. EDCV 20-481 JGB SHKX,

28 2020 WL 2097743, at *3 (C.D. Cal. May 1, 2020) (same).  Where the

1   complaint is deficient, "the district court must consider . . .

2   whether [the] deficiency . . . can possibly be cured by granting

3   the plaintiff leave to amend." Id. at 550. "[A]ny possibility"

4   that the joined defendant could be liable suffices to find proper

5   joinder. Grancare, 889 F.3d at 549.

6        Although defendants may be correct that plaintiff fails

7   to allege facts surrounding the circumstances of the storage and

8   repair of the vehicle, or facts to support an exception to the

9   economic loss rule (Opp'n at 21), defendants offer no evidence or

10  argument to show that plaintiff could not include those

11  allegations in an amended complaint. Cf. Carrillo, 2020 WL

12  2097743 ("It is entirely plausible that Plaintiffs could amend

13  their complaint and include allegations regarding damage to their

14  property caused by the negligent repair."); Arias v. FCA US LLC,

15  No. 20-CV-02100 CJC (JDEx), 2020 WL 1809666, at *2 (C.D. Cal.

16  Apr. 9, 2020) ("Although the facts underlying Plaintiff's claim

17  are not highly detailed, this potential deficiency -- if there is

18  one at all -- could easily be cured by granting Plaintiff leave

19  to amend."); see also Grancare, 889 F.3d at 548 ("We have also

20  upheld [rulings of fraudulent joinder] where a defendant presents

21  extraordinarily strong evidence or arguments that a plaintiff

22  could not possibly prevail on her claims against the allegedly

23  fraudulently joined defendant.") (emphasis added) (citing McCabe

24  v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987); United

25  Comput. Sys. Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir.

26  2002); Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1426-27

27  (9th Cir. 1989)). Because defendants have not made such a

28  showing, they fail to carry their heavy burden of establishing

1    improper joinder.  The court thus finds that joinder was proper.

2    See Grancare, 889 F.3d at 549.

3           Accordingly, because both SCDJR and plaintiff are

4    citizens of California, the parties are not completely diverse,

5    and this court does not have original jurisdiction over the

6    action.  The court will therefore remand this action.

7           B.   Dismissal of SCDJR under Rule 21

8           A court "may cure jurisdictional defects by dismissing

9    dispensable nondiverse parties under Federal Rule of Civil

10   Procedure 21."  Madison, 2019 WL 3562386, at *4 (citing Newman-

11   Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832-33 (1989)).

12   Defendants ask the court to exercise its discretion under Rule 21

13   and to dismiss SCDJR as a party to preserve complete diversity.

14   (Opp'n at 22.)  The court declines to do so.  As this court has

15   recently found in nearly identical circumstances, "severance

16   'would defeat the purpose of permissive joinder' -- convenience

17   and efficiency."  See e.g., Ram, 2020 WL 3178388, at *2.  Here,

18   "the claims against both defendants are sufficiently intertwined,

19   factually and legally, such that severance would be inconvenient

20   and inefficient."  See id.  Accordingly, the court will not

21   dismiss SCJDR from this litigation.

22          IT IS THEREFORE ORDERED that plaintiff's motion to

23   remand (Docket No. 10) be, and the same hereby is, GRANTED.[1]

24   Dated:  July 16, 2020

25   _____
     WILLIAM B. SHUBB
26   UNITED STATES DISTRICT JUDGE

27   _____

28          [1]   Plaintiff has not requested attorney's fees.  The court
     therefore will not consider them.

7